## John Temple *vs.* Persis Nelson & others.

A testator devised his real estate to his son J. for life, said estate to be under the care and management of his son I., and the profits thereof to be applied to the support of J., during his life ; and if said profits should be insufficient for J.'s support, then that I. should pay the deficiency : The testator then devised the remainder of said estate to his son I., on condition that I. should support J. during his life, and fulfil the other directions of the testator's will : I. refused to accept the devise to him and never entered on the estate nor supported J. : T. was appointed guardian of J. and supported him till his death ; but the profits of the estate, devised to J. for life, though applied towards his support by T., were not sufficient therefor, and T. advanced money to support him, to an amount nearly equal to the value of the estate devised to and refused by I. : After J.'s death, T. brought a bill in equity against the heirs of the testator, praying that said estate might be sold for the purpose of reimbursing the sums advanced by him for the support of J. *Held,* that upon the refusal of I. to accept the remainder devised to him, on the conditions thereto annexed by the testator, the same reverted and descended to the testator's heirs, without any charge thereon in favor of J. ; and that the bill could not be maintained.

THIS was a bill in equity, which alleged that Jonas Temple, late of West Boylston, died in November 1815, leaving a last will, which was afterwards duly approved and allowed, by which he devised a certain farm and lands to his son Jonas Temple for life, and the remainder thereof, upon certain conditions, to his son Isaac Temple : That the devise to said Jonas was in these words : " I devise to my son Jonas all the land and buildings I now own, to have and to hold the same to .him the said Jonas, during his life, but to be under the care and management of my son Isaac Temple, and the net produce or profits thereof, or as much as shall be necessary, to be applied to the comfortable support and maintenance of the said Jonas, during his natural life, in sickness and health ; and if said produce and profits shall be insufficient for the comfortable support of said Jonas, and for his clothing, doctoring, nursing, and funeral expenses, the deficiency to be paid by said Isaac."

That the devise of the remainder to said Isaac was thus : " I devise to my son Isaac all my lands and buildings I now own, upon the death of my said son Jonas. This devise is upon the condition, however, that he, the said Isaac, shall and do well and truly board and support my said son Jonas, in manner as above mentioned, and shall do and perform, for the said Jonas, every thing that is in this instrument ordered to be done and performed for him, and faithfully fulfil this my will."

That the said Jonas, the son, was *non compos mentis ;* and that said Isaac refused to accept said devise upon said conditions, and never entered on said estate, nor supported said Jonas : That the said John Temple, (the plaintiff,) who is a son of the testator, after the testator's decease, was appointed guardian of said Jonas, and took care of him till his death : That the support of said Jonas, being duly and economically furnished, consumed all the net income of said devised real estate, and, beyond that, a large sum of money annually, amounting in the whole to a great part of the value of said estate ; all which support was furnished by said John, the plaintiff. The prayer of the bill was, that said estate, or so much thereof as should be necessary for the purpose, be sold and disposed of, to reimburse the plaintiff for the advances made by him in supporting the said Jonas, his brother.

Five of the defendants, heirs at law of said testator, filed a general demurrer to the bill.

*Merrick,* for the plaintiff.

C. *Allen,* for the defendants.

WILDE, J. This bill is founded on an alleged trust, created by the last will and testament of Jonas Temple deceased, which trust the plaintiff claims a right in equity to enforce against the defendants, the heirs at law of said Temple.

By one clause in the will, the testator gives to his son Jonas, all his land and buildings for life, but to be under the care and management of his son Isaac, and the net produce and profits of the same, or as much thereof as should be necessary, to be applied for the comfortable support and maintenance of his said son Jonas, and for his clothing, doctoring, nursing, and funeral

expenses ; the deficiency to be paid by the said Isaac. Wheth-
er this clause in the will is to be so construed as to give the es-
tate in trust to Isaac, for the use and benefit of Jonas, or as a
devise to Jonas, with a power to Isaac to have the control and
management of the estate devised, is a question of no impor-
tance ; because it is admitted in the bill, that the net profits of
said estate have been applied to the support of the said Jonas
by the plaintiff — the said Isaac having declined the trust.
The trust therefore, in this respect, has been fully performed.

By another clause in the will, on which the plaintiff relies, the
remainder of the said estate was given to the said Isaac, upon
condition, however, that he should well and truly board and sup-
port the said Jonas, as before mentioned, and should do and
perform for the said Jonas everything ordered to be done and
performed for him in and by said will. By this devise to Isaac,
it is contended, a charge on the remainder was created, in favor
of Jonas, which could not be defeated by the devisee's refusal
to accept the devise ; and that the estate devised descended to
the heirs, on such refusal, subject to the said charge and trust.
But we think there is nothing in the language of the will, which
can be so construed. The devise to Isaac is expressly on con-
dition ; and if he had accepted the devise, he would have been
bound to perform the condition ; and on his failure so to do, the
land would have reverted and descended to the heirs of the tes-
tator. And in like manner, the remainder descended, on the
said Isaac's refusal to accept the devise. But there are no
words in the will creating a charge upon the estate devised to
Isaac. It was manifestly the intention of the testator to bind
the devisee personally by the condition, on the supposition that
he would accept the devise ; but no provision is made in case
the devisee should refuse to accept the devise. Such a contin-
gency does not appear to have been apprehended by the testa-
tor. It was his intention, undoubtedly, to provide for the main-
tenance of his son Jonas ; but the provision made is clearly
expressed. And although that provision has failed, the court
have no right to supply the defect in a way not within the con-
templation of the testator.

But if the estate was devised to Isaac, on the trust alleged, we still should be of opinion that this bill could not be maintained. If the plaintiff has any remedy, he must first cause administration to be taken out on the estate of his brother Jonas ; for the plaintiff cannot, in his own right, enforce the performance of the trust. If the estate of Jonas is indebted to him, as alleged, his share of the estate devised to Isaac may be appropriated to the plaintiff's claim, if there be no other creditors. But whether the plaintiff be entitled to any such remedy, or not, we are satisfied that this bill cannot be maintained.

*Bill dismissed.*